## Francis R. Van Hamm and Stella Van Hamm, Appellees, v. John V. Fox et al.    Appeal of Fidelity Trust Company, Appellant.

### Gen. No. 22,407.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed with damages. Opinion filed October 10, 1917. Rehearing denied October 23, 1917. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Bill by Francis R. Van Hamm and Stella Van Hamm, complainants, against John V. Fox, Fidelity Trust Company, and New York Life Insurance Company, defendants, to recover the surrender value of an insurance policy issued to the complainant Francis R. Van Hamm by the defendant insurance company, less amounts due the insurance company and the defendant trust company for money loaned the insured or advanced on his account upon the policy by them, and to have certain transactions with the trust company relative to the matter declared fraudulent and usurious. From a decree in favor of the complainants, finding them entitled to the sum of $1,049.89, after deducting from the surrender value of the policy amounts admitted by complainants to be due to the insurance company and the trust company, the trust company appeals.

This policy, issued December 22, 1892, was for $10,000, and at the end of twenty years had a surrender value of more than $6,000. The insured borrowed of the insurance company $1,980 prior to 1906, and delivered the policy to the company as collateral security. In October, 1906, the insurance company having refused to advance further money to the insured, he applied to defendant Fox, agent for

defendant trust company, who stated that money to pay the premium then due and the one for the following year could be obtained provided an additional amount was borrowed to take up the insurance company loan, and the complainants accordingly executed their note for $2,700, to their own order, and indorsed and delivered the same, with an assignment of the policy, to Fox. When this note became due a year later, another note for $3,400 was executed and delivered to Fox; a year subsequently to that, another for $4,000 and one for $141, and a year subsequently to the latter, another for $4,800 and one for $183.83, the prior note or notes being taken up each year as new ones were made. Fox refused to make further advancements thereafter, and the insured on going to the insurance company to learn the value of the policy found for the first time that the money due that company was still unpaid and that the company still held the policy. The trust company paid the premiums in 1911 and 1912, and shortly before maturity of the policy complainants filed their bill. In each of the notes for $2,700, $3,400, $4,000 and $4,800, the insured was charged six per cent. interest on the $1,980 due the insurance company, and the $3,400 included also $204, six per cent. interest on that amount, and a commission to Fox of three and one-half per cent. of the amount, $119.

CHYTRAUS, HEALY & FROST, for appellant.

DANIEL V. GALLERY, for appellees.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

### Abstract of the Decision.

1. USURY, § 2*—*when note is usurious.* Where the insured under an insurance policy gave to a trust company his note for money

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

supposed to have been advanced by the company in payment of premiums upon the policy and of a prior loan by the insured from the insurance company, upon which the policy was held by the insurance company as collateral security, and such note was made to include both the amount of such loan, which the trust company had not taken up, and six per cent. interest on the amount of the note and also bore six per cent. interest, so that the interest charged on the amount actually advanced by the trust company exceeded seven per cent., *held* that the note was usurious and that the trust company would not be permitted by such shift or device to collect interest in excess of that provided by statute, but would be entitled in a court of chancery to only five per cent. on the amount actually advanced by it.

2. USURY, § 4*—*not question of intention.* Usury is not a question of intention of the parties.

3. COSTS, § 67*—*when allowed because of appeal for delay.* A defense being obviously interposed merely for delay and to wear out the opposite party in whose favor judgment was rendered, *held* that damages, to the amount of ten per cent., should be assessed under Rev. St. ch. 33, sec. 23 (J. & A. ¶ 2737), relating to the assessment of damages when an appeal is for delay, in affirming the judgment.